**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **MARVIN JOHNSON,** | ) | **CASE NO. 1:15 CV 0073** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **CLAUDETTE WALCOTT,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Marvin Johnson has filed a *pro se* complaint in this action alleging claims against the defendants, pursuant to 42 U.S.C. §1983, for "Embezzlement, Racketeering, Fraud, Breach of Oath of Office, Extortion, Conspiracy to Commit Kidnapping" and for an "Injunction to Remove Driver['s] License and Registration Block and Outstanding Warrant For [the Plaintiff's Arrest]." (Doc. No. 1.) The plaintiff alleges that, on June 29, 2014, he was issued a traffic citation by Cleveland Police Officer Daniel Smith for changing course and for a seatbelt violation. (*Id*. at p. 4, Ex. C.) He was subsequently notified and summoned to appear regarding the citation in Cleveland Municipal Court, but the plaintiff declined to appear. The Municipal Court docket indicates that, as a result of the plaintiff's failure to appear at scheduled court hearings, a warrant block was placed on the plaintiff's driver's license and vehicle registration, prohibiting him from renewing his driver's license and vehicle registration at the Bureau of Motor Vehicles. In addition,

he was notified by the Municipal Court that efforts would be made to collect the fine imposed for his traffic violations. (*Id.*, Ex. D.) A warrant was also issued for his arrest, and he was notified that in order to avoid being arrested, he must post a bond or pay his outstanding fine. (*Id.*, Ex. G.)

The plaintiff contests his traffic citation in this case and contends the driver's license and registration block and outstanding warrant for his arrest are efforts by the defendants to "extort money" from him. He seeks damages from Officer Smith and five other defendants, who are magistrates and a judge of the Cleveland Municipal Court. He has also filed a motion for a temporary injunction to remove the driver's license and registration block and the outstanding warrant for his arrest ordered in the traffic case. (Doc. No. 3.) The defendants have responded to the plaintiff's motion for a temporary injunction and have filed a motion to dismiss or stay proceedings pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 10.)

Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court may *sua sponte* dismiss the complaint for lack of subject-matter jurisdiction and need not afford the plaintiff an opportunity to amend the complaint. *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

The plaintiff's complaint is dismissed, and his motion for a temporary injunction is denied pursuant to *Apple v. Glenn* because he purports to ask this Court to reject and overturn orders issued by the Cleveland Municipal Court made during the course of an on-going criminal state traffic proceeding. This Court will not exercise subject-matter jurisdiction over such an action.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Abstention is appropriate if: (1) a state proceeding are on-going; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is warranted whether the state court proceeding is criminal, quasi-criminal, or civil in nature to prevent federal court intervention that unduly interferes with "the legitimate activities of the States." *Younger*, 401 U.S. at 44.

The factors warranting abstention are all present here. The issues presented in this action are clearly the subject of the on-going state-court criminal traffic matter, which is of paramount state interest and importance. *See Younger*, 401 U.S. at 44–45. In addition, the plaintiff has not set forth facts which reasonably suggest the Ohio Municipal Court cannot or will not provide the plaintiff an adequate opportunity to raise his federal claims in the state proceeding. Indeed, the Municipal Court docket indicates that the plaintiff was afforded opportunities to be heard and filed motions in the traffic matter, but the plaintiff did not appear at scheduled court hearings. In light of the foregoing, this Court will not interfere with, or intervene in, the on-going criminal traffic proceeding in Cleveland Municipal Court, and this action must be dismissed pursuant to *Younger* and *Apple v. Glenn*.

Although generally the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter, a court may dismiss a damage claim, rather than hold it in abeyance, when the plaintiff has failed to state a viable claim for relief. *See Moore v. City of Garfield Heights*, No. 1: 12 CV 1700, 2012 WL 5845369, at * 5 (N.D. Ohio

Nov. 19, 2012) (dismissing §1983 claims arising from municipal court traffic, criminal, and small claims proceedings). Dismissal rather than a stay is appropriate here because the plaintiff has failed to state a cognizable claim against the defendants under §1983. Defendants Claudette Walcott, William F.B. Vodrey, Jolan B. Vagi, Pablo A. Castro, and Ronald Aldrine are all either magistrates or a judge of the Cleveland Municipal Court, and the plaintiff's claims against them all purport to arise from the on-going state traffic proceeding. Judicial officers are entitled to absolute immunity for liability arising out of acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See Metzenbaum v. Nugent*, 55 Fed. App'x 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint under *Apple v. Glenn* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 Fed. App'x 481 (6th Cir. 2001) (same). The plaintiff alleges no facts suggesting that any of the judicial officers he names as defendants are not entitled to absolute immunity.

Further, to assert a cognizable claim against Officer Smith under §1983, the plaintiff must allege Officer Smith deprived him of a right secured by the Constitution or laws of the United States, but the plaintiff has not alleged any cognizable constitutional claim against Officer Smith. The only wrongful conduct the plaintiff alleges Officer Smith engaged in is that Officer Smith used "emergency lights" when pulling the plaintiff over (as the plaintiff contends there was no "emergency"), and that Officer Smith issued the plaintiff the traffic citation without witnesses. (Doc. No. 1 at pp. 4-5.) These allegations, even if they are true, are simply insufficient to demonstrate Officer Smith deprived the plaintiff of a right secured by the Constitution or laws of the United States.

Accordingly, the plaintiff has failed to allege any cognizable claim against any of the

defendants under §1983, and his damages action is properly dismissed rather than stayed.

The plaintiff's motion for a temporary injunction is denied. Whether to issue a preliminary injunction is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). As discussed above, this Court will not exercise subject-matter jurisdiction over the plaintiff's action and the plaintiff has failed to allege a cognizable claim; therefore, the factors do not weigh in favor of injunctive relief.

## Conclusion

For all of the reasons stated above, the plaintiff's motion for a temporary injunction is denied and this action is *sua sponte* dismissed pursuant to the *Younger* doctrine and *Apple v. Glenn*, 183 F.3d 477. Defendants' motion to dismiss or stay the action pursuant to Fed. R. Civ. P. 12(b)(6) is denied as moot.

IT IS SO ORDERED.

      */s/Dan Aaron Polster  2/11/15*
      DAN AARON POLSTER
      UNITED STATES DISTRICT JUDGE